UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

RAYMOND MOREIRA, AS PARENT
AND NAURAL GUARDIAN OF
JOHN DOE, A MINOR,

        Plaintiff,

                                        Civil Action No._____

v.

LATAM AIRLINES GROUP S.A., INC.,

        Defendant.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, RAYMOND MOREIRA, as parent and legal guardian of JOHN DOE, a minor, hereby sues Defendants, LATAM AIRLINES GROUP S.A., INC., and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, RAYMOND MOREIRA, as parent and legal guardian of JOHN DOE, a minor, is an individual and a United States citizen, and resides in Osceola County, Florida.

2. Plaintiff, RAYMOND MOREIRA, as parent and legal guardian of JOHN DOE, a minor, brings this action, as the parent and natural guardian of JOHN DOE, on behalf of his son, the minor.

3. Defendant, LATAM AIRLINES GROUP S.A., INC. is foreign for Profit Corporation incorporated in the Republic of Chile and registered in Florida, and doing business in Orlando, Florida.

4. At all times relevant to this action, defendant airline is and has been doing business as a holder of an Air Carrier Operating Certificate issued by a Federal Aviation Administration for the purpose of carrying passengers and cargo in air transportation.

5. Jurisdiction is founded on 28 U.S.C.A. § 1331, as this is a civil action arising under a treaty of the United States, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, also referred to as the Warsaw Convention, 49 Stat. 3000 et seq. Jurisdiction is also founded on Article 28 of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, 876 U.N.T.S. 11, reprinted in the note following 49 U.S.C.A. § 40105 (here referred to as "the Warsaw Convention") as amended by Montreal Protocol No. 4. Alternatively, jurisdiction is founded on 28 U.S.C.A. § 1332(a)(2) to (4), as this is an action between citizens of different states.

6. Venue is proper in the district where the plaintiff resides (28 U.S.C.A. § 1391(a).

**FACTUAL ALLEGATIONS**

7. At all times mentioned in this complaint, defendant, LATAM AIRLINES GROUP S.A., INC., ("LATAM") was and is a common air carrier of passengers for hire on regular schedules, over definite designated routes, including the route that was to be traveled by the child, JOHN DOE, as alleged below in this complaint, soliciting the patronage of the traveling public, and advertising schedules for routes, times of departures and arrivals, rates of fare, and other travel-related services.

8. In Orlando, Florida, U.S.A., on or about April 20, 2017, RAMOND MOREIRA, the child's father and legal guardian, purchased from defendant, LATAM through its officers, agents, representatives, and employees, tickets from LATAM for carriage from Belo Horizonte Minas Gerias to his connecting flight in Sao Palo GRU International Airport, to the final destination, Orlando International Airport, Orlando, Florida, U.S.A.  The minor's father, RAYMOND MOREIRA, paid defendant, LATAM, the fare requested for such carriage.

9. The flight was called to depart Belo Horizonte Minas Gerias, and defendant LATAM, through its officers, agents, representatives, and employees, received the unaccompanied minor as a passenger, who proceeded to board the aircraft operated by defendant, LATAM.

10. On May 3, 2018, Defendant, LATAM agreed to carry the unaccompanied minor, JOHN DOE, who was six (6) years old, safely and was therefore bound to furnish suitable, proper, and safe means to transport the unaccompanied minor, JOHN DOE, to Orlando, Florida, including transferring him from the various aircraft to be used as an agency of the carriage.

11. On May 3, 2018, as JOHN DOE was transferred to one of the Defendant's, LATAM, flight attendants, the LATAM employee was handed a folder with JOHN DOE's travel

documents. Additionally, JOHN DOE was wearing a plastic folder around his neck that contained his American and Brazilian passports and LATAM documents. JOHN DOE's mother said her goodbyes and handed him over to LATAM employees who took JOHN DOE to board the flight.

12. On May 3, 2018, LATAM's flight number JJ3441 departed from Belo Horizonte Minas Gerias destined to land at Sao Paulo GRU International Airport. The minor Plaintiff was to be connected to his connecting flight, LATAM's flight number JJ8086. The six (6) year old minor, JOHN DOE, was to be handed to his father at Orlando International Airport in Orlando, Florida, USA.

13. Without the knowledge or consent, during the flight to Sao Paulo, the LATAM flight attendant removed the plastic folder from around JOHN DOE's neck and placed it along with all other travel documents into his backpack.

14. On May 3, 2018 at about 06:30 a.m., DST, Defendant, LATAM flight number JJ3441 landed at the Sao Paulo GRU International Airport where the minor was handed over to another LATAM employee. LATAM's flight attendant failed to inform the LATAM employee at the Sao Paulo airport check-in counter where she had stored the six (6) year-old's passports and travel documents.

15. As a result, when a LATAM employee took JOHN DOE through the Brazilian Federal Police at the airport, the LATAM employee realized JOHN DOE's travel documents were not where they should have been, e.g., around his neck. As a result, the Brazilian Federal Police prohibited the LATAM employee from transferring the six (6) year old Plaintiff to his connection flight JJ8086.

16. On May 3, 2018, after having missed his connecting flight from Sao Palo to Orlando, the LATAM employee found the passports and travel documents inside the backpack.

17. On May 3, 2018, the Defendant, LATAM, through its agents, representatives or employees, unilaterally decided to hold the six (6) year old Plaintiff at one of its hotels overnight.

18. For at least fifteen (15) hours, the six (6) year-old plaintiff, JOHN DOE, was held in the hotel room with just one employee at a time.

19. Over the course of those fifteen (15) hours held in the hotel room, Defendant, LATAM rotated at least four (4) different LATAM employees, three (3) females and one (1) male.

20. Between the hours of 11:30, p.m., DST, on May 3, 2018 and 1:20 a.m., DST, on May 4, 2018, Defendant, LATAM's employee, VIVICIUS WILLIAM DOS SANTOS, who was left alone and unsupervised with the six (6) year-old Plaintiff, JOHN DOE, sexually assaulted the Plaintiff.

21. At all times relevant to this action, defendant, LATAM, and the airline industry generally, had actual knowledge of the risk to unaccompanied minor children during lengthy layovers, and that unaccompanied minors who are negligently cared for could result in assaults of children.

22. As a result, at all times relevant to this action, it was the custom, standard, policy, rule, routine, and/or procedure among international long-haul air carriers such as defendant, LATAM, to care for unaccompanied minors, prevent lengthy layovers for unaccompanied minors, properly train its employees in the transport of unaccompanied minors, and properly supervise its employees when transporting an unaccompanied minor, and to warn the parents or legal guardians of the risks, particularly when there is a lengthy layover.

23. Defendant, LATAM undertook to transport, the minor child, JOHN DOE, safely from Belo Horizonte Minas Gerias to Orlando International Airport, in Orlando, Florida, U.S.A., and had a duty to supervise, a duty safely transport, and a duty to protect the six (6) year old Plaintiff from sexual assault. Defendant, LATAM negligently failed to do so as defendant knew, or should have known, that if left unsupervised, its employee, VINICIUS WILLIAM DOS SANTOS would commit rape of a child.

24. Prior to May 3, 2018, Defendant, LATAM, signed and incorporated into its tariffs the International Air Transport Association Intercarrier Agreement On Passenger Liability modifying the terms of the Warsaw Convention to assume unlimited liability for any passenger's injury caused by an accident within the meaning of Article 17 unless it is proved by the carrier that it took all necessary measures to avoid the accident.

25. Defendant, LATAM's failed to care for the six (6) year old Plaintiff, failed to minimize risks, failed train its employees, and failure to supervise its employees,. Moreover, providing the required supervision, care, and training, in compliance with normal procedures, would not have unreasonably interfered with the normal, expected operation of the aircraft nor placed an undue burden on defendant, LATAM.

26. It therefore follows the above referenced failures in the face of a known, serious risk were unexpected or unusual events or happenings, were external to the unaccompanied minor and were not caused by plaintiff's own conduct or physical condition. Thus, the actions or inactions on which this lawsuit is based are "accidents" pursuant to the Warsaw Convention.

## COUTN I (NEGLIGENT SUPERVISION)

Plaintiff realleges and incorporates the allegations of Paragraphs 1-26 as if fully set forth herein.

27. Defendant, LATAM, so negligently supervised the unaccompanied minor, JOHN DOE, so that it caused the injuries, resulting in permanent mental and physical damage, which has resulted in special and general damage in an amount not yet ascertained, but in an amount exceeding $75,000.00. The traumatic injuries were the result of defendant airline's willful misconduct or, alternatively, an accident that defendant, LATAM, did not take all necessary measures to avoid. Plaintiff requests leave to amend this complaint to insert the amount of the damages when the amount is finally determined.

WHEREFORE, Plaintiff respectfully requests judgment for damages against Defendant, LATAM, in excess of Seventy-Five Thousand Dollars ($75,000.00), together with fees, costs, and such other relief as this Honorable Court deems proper and just, and demands a trial by jury of all issues so triable as a matter of right.

## COUNT II (NEGLIGENT TRAINING)

Plaintiff realleges and incorporates the allegations of Paragraphs 1-27 as if fully set forth herein.

28. Defendant, LATAM, INC. had a duty to care for the six (6) year-old Plaintiff, a duty to warn of the risks, a duty to minimize risks by properly supervising and/or train its employees, agents and associates. In this case, Defendant, LATAM, INC., failed to perform its duties, as specified above.

29.     The traumatic injuries were the result of defendant airline's willful misconduct or, alternatively, an accident that defendant, LATAM, did not take all necessary measures to avoid. Accordingly, defendant, LATAM, carried out its routine procedures in an unreasonable, abnormal, and unexpected manner.

WHEREFORE, Plaintiff respectfully requests judgment for damages against Defendant, LATAM, in excess of Seventy-Five Thousand Dollars ($75,000.00), together with fees, costs, and such other relief as this Honorable Court deems proper and just, and demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted this 16TH day of February, 2020.

/s/ *Eduardo Arango*
EDUARDO ARANGO, ESQ.
F.B.N.: 0609366
MORGAN & MORGAN, P.A.
198 Broadway Ave.
Kissimmee, Florida 34741
Phone: 407-452-6987
Facsimile: 407-572-0108
Primary email: EArango@forthepeople.com;
Secondary email: SGonzalez@forthepeople.com.
Attorneys for Plaintiff