UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYMOND MOREIRA, III as
natural parent and guardian of L.M.,
a minor,**

               **Plaintiff,**

**v.**                                    **Case No: 6:20-cv-266-RBD-EJK**

**TAM LINHAS AEREAS, S.A.,**

               **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Motion to Approve Settlement for Minor Plaintiff (the "Motion"), filed January 23, 2023. (Doc. 65.) In the Motion, Plaintiff seeks the Court's approval of the parties' confidential settlement agreement (the "Agreement"), pursuant to Fla. Stat. § 768.25, because it involves a monetary payment to L.M., a minor. (*Id.*) Upon consideration, I respectfully recommend that the motion be granted.

## I.    BACKGROUND

On February 17, 2020, Plaintiff Raymond Moreira, as parent and natural guardian of L.M., a minor, filed a complaint against Defendant Latam Airlines Group, S.A., Inc. (Doc. 1.) Plaintiff subsequently filed an Amended Complaint on April 3, 2020 (Doc. 11) and a Second Amended Complaint on February 28, 2022. (Doc. 36.) Through the Second Amended Complaint, Plaintiff seeks damages arising out of an

alleged sexual assault of L.M. by an employee of Defendant, while under Defendant's supervision, when L.M. was traveling as an unaccompanied minor from Belo Horizonte, Brazil, to Orlando, Florida, on TAM flights. (*Id.* at 1.) Plaintiff's single cause of action relates to damages pursuant to Article 17 of the Montreal Convention. (*Id.* at 7–9.) Following mediation held on November 16, 2022, the parties agreed to a settlement in this case. Pursuant to the instant Motion, Plaintiff seeks the court's approval of the settlement agreement.

## II.    STANDARD

As an initial matter, the undersigned previously found that the appointment of a guardian ad litem was unnecessary in this case. (*See* Doc. 67.) As such, this Report and Recommendation will not revisit the undersigned's findings regarding a guardian ad litem.

Federal law does not speak to the standard that the Court should employ in determining whether to approve a settlement agreement involving a minor. *See Meyers v. United States*, Case No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *3 (M.D. Fla. Sept. 29, 2014). "When confronted with a gap in a federal statutory scheme, federal courts may, depending on the circumstances, choose to adopt state law rather than craft a uniform federal rule." *Id.* (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728 (1979)). Courts in this District have elected to apply Florida Statute § 744.387(3)(a) when addressing settlement agreements involving a minor with claims arising under federal law. *See id.* at *4–5 (approving settlement involving minor arising under Federal Tort Claims Act, collecting authority that to do so was consistent with

federal courts doing same); *see also L.M.P. v. NBCUniversal Media, LLC*, Case No. 6:13-cv-863-Orl-41GJK, 2014 WL 5038524, at \*2 (M.D. Fla. Oct. 3, 2014) (approving settlement of claims involving a minor pursuant to Fla. Stat. § 744.387(3)(a), including claims arising under the ADA); *Corrao v. United States*, Case No. 6:07-cv-1617-Orl-19GJK, 2009 WL 10712671, at \*2 (M.D. Fla. Sept. 11, 2009), *report and recommendation adopted*, 2009 WL 10712672 (M.D. Fla. Sept. 30, 2009) (approving settlement of claims involving a minor arising solely under federal law pursuant to Fla. Stat. § 744.387(3)(a)). Accordingly, the undersigned will apply Florida Statute § 744.387(3)(a) to the present motion.

Pursuant to Florida Statute § 744.387, court approval of a settlement agreement involving a minor requires a determination that "the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *Jackson v. Magical Cruise Co.*, Ltd., Case No. 6:14-cv-1997- Orl-18KRS, 2016 WL 2647689, at \*2 (M.D. Fla. Apr. 22, 2016) (citing *McLaughlin v. Lara*, 133 So.3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013)), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

## III.   DISCUSSION

Here, the parties contend that the settlement reached is for the benefit of L.M. (Doc. 65 at 2.) Under the settlement agreement, Defendant, by and through its insurance carrier, Chubb Seguros, agrees to pay L.M. a confidential settlement amount in exchange for a release of claims. The settlement was negotiated by Plaintiff, L.M.'s parent, who shares L.M.'s interest in maximizing the settlement amount. Furthermore, there is no evidence of collusion between Plaintiff and Defendant. After review of the settlement agreement, I discern no provisions that, under the circumstances of this case, render the agreement fundamentally unfair, unreasonable, or otherwise contrary to L.M.'s best interests.

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** Plaintiff's Motion to Approve Settlement for Minor Plaintiff. (Doc. 65.)

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on April 17, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE